

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IN RE: KENNETH J. SAMANSKY dba PREMIER CONSTRUCTION<br>Debtor<br><br>3001 N TRINITY ROAD<br>DENTON, TX 76208<br>Property | § § § § § § § § | Case No. 13-41306<br>Chapter 13 |

### AGREED ORDER CONDITIONING AUTOMATIC STAY

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Came on for consideration the Motion for Relief from Stay filed by BANK OF AMERICA, N.A., ITS SUCCESSORS AND/OR ASSIGNS (hereinafter MOVANT), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion, and the agreement of counsel for Movant and for the Debtors as set out herein, is of the opinion that the following Agreed Order should be entered. It is therefore ORDERED, ADJUDGED, AND DECREED that:

1.  <u>Automatic Stay</u>: The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect subject to the terms and conditions outlined herein.

2.  <u>Current Monthly Payments</u>: Debtors shall continue to remit to Movant in a timely manner the regular post-petition monthly payments due pursuant to that certain Note and Deed of Trust dated June 18, 2008 and attached as an exhibit to Movant's Motion for Relief from Stay. The next payment due is the JULY 1, 2014 monthly payment.

3.  <u>Modify Plan</u>: Debtors shall have 30 days from the date of entry of this order to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's fees and costs detailed below to be paid by the Chapter 13 Trustee through the Debtor's Chapter 13 Plan. Said total amount consists of post-petition payments, additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Payments | 11/01/2013 - 05/01/2014; $1,273.29 * 7 | $8,913.03 |
| Suspense | | $155.50 |
| Current Attorney Fees | | $650.00 |
| Payments | 06/01/2014 - 06/30/2014; $1,316.26 * 1 | $1,316.26 |
| Filing Fee | | $176.00 |

Grand Total                                                    $11,210.79

The "Post Petition Arrearage" specified herein shall constitute an additional secured claim filed by Movant (Additional Claim) in the bankruptcy proceeding and is hereby allowed by the Court. If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. 1325 (Confirmed Plan), Debtor shall promptly modify the Plan. If the Plan has not been previously confirmed by the Court, the BORROWER shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. 1323 to provide for the Additional Claim.

4.    <u>Payments to Trustee:</u>  Debtors shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5.    <u>Discharge:</u> Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6.    <u>Conversion to Chapter 7:</u> The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

7.    <u>Effect of Non-sufficient Funds:</u>  Debtors' tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute payment as required by the terms of this order.

8.    <u>Default:</u>  In the event the Debtors fail to comply with the provisions of Paragraphs 2, 3 or 4 of this Agreement, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtors and to Debtors counsel and shall allow the Debtors a 10-day period from the date of such written notice to cure such delinquent payment(s) or delinquent actions. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtors fail to cure such delinquent payment(s) or actions within such 10-day period or in the event that Debtors become delinquent after two (2) notices of default, the Automatic Stay shall terminate as to Movant without further recourse to this Court and Movant shall be allowed to take

any and all steps necessary to exercise any and all rights it may have in the collateral described as:

EXHIBIT "A"

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtors, Debtor's attorney and the Chapter 13 Trustee of the termination of the Automatic Stay and the basis therefore. Movant is exempted from further compliance with Fed. R. Bankr. P. 3002.1 in the instant bankruptcy case.

IT IS SO ORDERED

Signed on 06/09/2014

*Brenda T. Rhoades*    SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

Approved As to Form and Substance:

ROBERT E. BARRON
State Bar No. 24043310
P.O. BOX 1347
NEDERLAND, TX 77627
Telephone: (409)727-0073
Facsimile: (409) 724-7739
E-mail: ecffiling@rbarronlaw.com
ATTORNEY FOR DEBTORS

/s/ Stephen Wu
Stephen Wu
State Bar No.: 24042396
Parkway Office Center, Suite 900
14160 North Dallas Parkway
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
swu@mwzmlaw.com

12-004802-570

GF Number: ███████

# LEGAL DESCRIPTION
## EXHIBIT "A"

Property Known as: 3001 N. Trinity Road, Denton, Denton County, Texas  76208,

Being a tract of land out of the William Dabbs Survey, Abstract No. 328, Denton County, Texas, and being the same tract of land conveyed to The James Campbell and Helen Campbell Revocable Living Trust by deed recorded in Document No. 2005-140382, Deed Records, Denton County, Texas, and being more particularly described by metes and bounds as follows:

BEGINNING at a 60d nail found in the centerline of N. Trinity Road for the southwest corner of said Campbell Trust tract and the northwest corner of a tract of land conveyed to Billy G. Calvert by deed recorded in Volume 898, Page 241, DRDCT;

THENCE N 00° 05' 00" W, with the west line of said Campbell Trust tract, at 30.00 feet passing a ½" iron rod found in the north right-of-way line of said N. Trinity Road, a distance 338.90 feet (called 338.0 feet) in all to a fence post for the northwest corner of said Campbell Trust tract and the southwest corner of a tract of land conveyed to William A. Johnson by deed recorded in Document No. 98-0041384, DRDCT;

THENCE N 89° 55' 00" E, with the north line of said Campbell Trust tract and the south line of said Johnson tract, 353.50 feet to a ½" iron rod set for the northeast corner of said Campbell Trust tract and the northwest corner of a tract of land conveyed to Dick E. Webb and wife, Valerie M. Webb by deed recorded in Document No. 96-0022049, DRDCT;

THENCE S 00° 05' 00" E, with the east line of said Campbell Trust tract and the west line of said Webb tract, at 308.90 feet passing a 2" iron pipe found, a distance of 338.90 feet in all to a pk nail set in the centerline of said N. Trinity Road and in the north line of a tract of land conveyed to Kelly M. Stoy by deed recorded in Volume 1724, Page 921, DRDCT, for the southeast corner of said Campbell Trust tract and the southwest corner of said Webb tract;

THENCE S 89° 55' 00" W (record bearing), with the centerline of said N. Trinity Road and the north line of said Stoy tract and the north line of said Calvert tract, 353.50 feet to the POINT OF BEGINNING and containing 2.750 acres of land.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE:                                    §
KENNETH J. SAMANSKY                        §
xxx-xx-8594                                §        CASE NO.  13-41306
3001 N. TRINITY                            §
DENTON, TX 76208                           §        CHAPTER 13
                                           §
                                           §
                                           §
                                           §
Debtor                                     §
                                           §

DECLARATION OF DEBTORS UNDER PENALTY OF PERJURY
REGARDING REQUEST TO PAY POST-PETITION MORTGAGE
OBLIGATIONS THROUGH CHAPTER 13 PLAN MODIFICATION

       I, as one of the Debtor(s) in the above-referenced case, owe a debt secured on
security interest in real property that is my/our principal residence (a "mortgage debt"
fallen in arrears on that obligation, in contravention of your obligations under my/our
Chapter 13 plan.  We will be seeking the Court's permission to modify that confirmed
address these post-petition obligations and, in support of that request, declare under p
perjury that the following statements are true and correct:

NUMBER OF POST-PETITION MONTHS IN ARREARS: __8____

CALENDAR RANGE OF ARREARAGES: from _November _2013____ to _Jur
2014__.

REASON FOR ARREARAGES:              [x ]    Loss of Post-Petition Inc
                                    [x ]    Unbudgeted Medical Exp
                                    [ ]     Other Hardship

DETAILED EXPLANATION:


Date: __6-5-14__                    Signature: ____[signature]____
                                               Kenneth J. Samansky